[Civ. No. 52116. Second Dist.. Div. One. Apr. 5, 1979.]

CREST BROKERAGE COMPANY, INC., Plaintiff and Respondent, v. COUNTY OF LOS ANGELES et al., Defendants and Appellants.

## COUNSEL

John H. Larson, County Counsel, and James Dexter Clark, Deputy County Counsel, for Defendants and Appellants.

Baker, Ancel, Redmond & Hall, Gerald T. Manpearl and Richard C. Spencer for Plaintiff and Respondent.

## OPINION

**HANSON, J.—**

### INTRODUCTION

On August 25, 1976, plaintiff/respondent Crest Brokerage Company, Inc. (hereinafter Crest) filed a complaint for recovery of ad valorem property taxes for 1975 which it paid under protest naming as defendants City and County of Los Angeles (hereinafter referred to collectively as Los Angeles).

On March 16, 1977, the court below granted plaintiff Crest's motion for summary judgment, awarding plaintiff $8,818.79 as principal, $187 as interest and costs of $58.50 for a total sum of $9,064.29.

Defendant Los Angeles appeals from the summary judgment in favor of plaintiff Crest.

### CHRONOLOGY OF RELEVANT EVENTS

We trace in chronological order the statutory and case law which impacts on and is relevant to the case at bench.

Prior to January 14, 1976, imported goods which remained in the original package or container, as present here, could not be subject to state taxes. The United States Supreme Court in *Brown* v. *State of Maryland* (1827) 25 U.S. (12 Wheat.) 419 [6 L.Ed. 678], stated that goods imported "while remaining the property of the importer, in his warehouse, in the original form or package in which it was imported, a tax upon it is too plainly a duty on imports to escape the prohibition in the constitution." (*Id.,* at p. 442 [6 L.Ed. at p. 686].) In further interpretation of the import-export clause of the Constitution, the court held that states were prevented from imposing nondiscriminatory ad valorem property taxes on imported goods until they have lost their character as an import and have become incorporated into the mass of property in the state. (*Low* v. *Austin* (1872) 80 U.S. (13 Wall.) 29 [20 L.Ed. 517].)

On January 14, 1976, the United States Supreme Court issued its opinion in *Michelin Tire Corp.* v. *Wages* (1976) 423 U.S. 276 [46 L.Ed.2d 495, 96 S.Ct. 535], expressly overruling *Low* and allowing states to apply nondiscriminatory ad valorem property taxes on imported goods. Crest, which imports goods from foreign countries, prior to *Michelin* filed for and was granted by Los Angeles immunity from ad valorem property taxes on its imported goods.

After January 14, 1976, the Los Angeles County Tax Assessor levied ad valorem property taxes against Crest for the tax year 1975 pursuant to Revenue and Taxation Code section 531. Crest paid the tax bill of $8,818.79 under protest.

On July 3, 1976, the Legislature enacted Revenue and Taxation Code section 226 (hereinafter section 226) which provides as follows: "The validity of any ad valorem property tax assessment on imported goods, *heretofore* or hereafter *imposed, levied or collected* with respect to tax years *prior* to the 1976-1977 tax year, *shall be determined pursuant to statutory and case law in effect prior to the decision in Michelin* v. *Wages* (1976) 46 L.Ed.2d 495, except that for any assessment made prior to January 14,

1976, the court may, if the circumstances warrant and the taxing authority demonstrates that it would be equitable to do so, follow the decision in Michelin v Wages." (Stats. 1976, ch. 335, § 3, eff. July 3, 1976, amended by Stats. 1976, ch. 1060, § 2, eff. Sept. 20, 1976; italics added.)

## ISSUE

■ On appeal Los Angeles contends that section 226 is unconstitutional and that the ad valorem property tax for the 1975 tax year was validly levied.

## DISCUSSION

The constitutional issue presented in the instant case has been decided against defendant Los Angeles' position in *Schettler* v. *County of Santa Clara* (1977) 74 Cal.App.3d 990 [141 Cal.Rptr. 731]. In *Schettler* the court determined that section 226 was constitutional rejecting the argument therein asserted that section 226 was unconstitutionally vague. The *Schettler* court found that such a contention was unacceptable on the ground that the case and statutory law was well settled prior to *Michelin Tire Corp.* v. *Wages, supra,* 423 U.S. 276, and noted that the enactment of section 226 by the Legislature specifically dealt with the *Michelin* decision. The *Schettler* court also rejected the argument that section 226 created an unreasonable classification by applying *Michelin* prospectively on grounds that the Legislature had set out in detail the policy reasons for such application. In rejecting the argument that section 226 violated the California Constitution in that the payment constituted a gift of public funds, the court found that the Legislature expressly found that public policy would be better served by the relief granted by section 226 than by the retroactive application of *Michelin* and held the relief granted did not constitute a gift of public funds. The *Schettler* court summarily held that there were no restraints on the application of *Michelin,* either by case or statutory law, and that *Michelin* is to be applied *prospectively only.* The *Schettler* court also rejected the argument that section 531.1 of the Revenue and Taxation Code allowed for the collection of escaped assessments.

Accordingly, (1) since section 226 has been declared constitutional by *Schettler,* (2) since section 226 provides that "ad valorem property tax assessment on imported goods, heretofore or hereafter imposed, levied or collected with respect to tax years prior to the 1976-1977 tax year, shall be determined pursuant to statutory and case law in effect prior to the

decision in *Michelin*," and (3) since the taxes paid by Crest under protest and sought to be refunded were for 1975 which falls within the time period when such taxes were declared unconstitutional by *Brown* and *Low*, we conclude that Crest was entitled as a matter of law to a refund. The court below properly entered the summary judgment in favor of plaintiff Crest.

## DISPOSITION

The judgment is affirmed.

Lillie, Acting P. J., and Thompson, J., concurred.